8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry HOUSTON, Plaintiff-Appellant,
v.
E. JOHNSON, Defendant-Appellee.
 No. 93-15488.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 29, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Houston is a state prisoner who appeals pro se from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action. We affirm for the reasons stated in the district court's Order of Dismissal.
 
 
 3
 We additionally note that neither of the cases cited by the appellant, Hudson v. Palmer, 468 U.S. 517 (1984) or Block v. Rutherford, 468 U.S. 576 (1984), holds that a prisoner's cell may not be searched for purely punitive reasons. To the contrary, the Court in Hudson held that prisoners have no legitimate expectation of privacy in their cells. Hudson, 468 U.S. at 530. Since the Fourth Amendment prohibition against unreasonable searches does not apply in prison cells, the Hudson Court rejected an argument that searches conducted only to harass prisoners are unconstitutional. Id. at 529-30. Although the Court left open the possibility that harassment could violate the Eighth Amendment's prohibition against cruel and unusual punishment, id. at 530, we agree with the district court that the guard's alleged conduct in this case did not constitute an Eighth Amendment violation.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3